IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACCAR FINANCIAL CORP., a Washington corporation; and SIDHU TRUCK LINE, INC., a California corporation,<br><br>　　　　　Defendants. | NO. 1:08-CV-00904-AWI-SMS<br><br>ORDER REQUIRING PLAINTIFF WELLS FARGO TO SUBMIT EVIDENCE REGARDING REASONABLE ATTORNEY RATES IN THE EASTERN DISTRICT OF CALIFORNIA-FRESNO DIVISION |

　　Pending before the court are Plaintiff Wells Fargo Bank, National Association's ("Wells Fargo") motion for discharge from liability and for an award of attorneys' fees and costs and motion for entry of default judgment in this interpleader action. Defendants PACCAR Financial Corp. ("PACCAR") and Sidhu Truck Line, Inc. ("Sidhu") have not filed any oppositions to Plaintiff's motions. On January 13, 2009, the court took the matter under submission pursuant to L.R. 78-230(h).

　　Plaintiff hired attorney Robert Fisher ("Mr. Fisher") of the firm of Barton Klugman & Oetting LLP to represent it in this interpleader action. Mr. Fisher's practice is based in Los Angeles, California. Plaintiff seeks attorneys' fees in the amount of $4788.00 and costs in the amount of $787.55 for a total of attorneys' fees in the sum of $5575.55. (Mr. Fisher Decla. ¶13.) Mr. Fisher submits that he expended 15.2 hours in bringing this action and provides detailed time sheets. Plaintiff contends that Mr. Fisher is entitled to an hourly rate of $315.

    Although Defendants have not filed any oppositions to Plaintiff's attorneys' fee request, "the burden of establishing entitlement to an attorneys' fees award lies solely with the claimant." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Additionally, the fee applicant "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."  Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Schwarz v. Secretary of Health and Human Servs., 73 F.3d 895, 908 (9th Cir. 1995).

    Plaintiff Wells Fargo has the burden of establishing that $315 is a reasonable rate in the Eastern District of California, Fresno area.  See Mendenhall v. NTSB, 213 F.3d 464, 471 n.5 (9th Cir. 2000) (stating that "[u]nder Ninth Circuit caselaw . . . the relevant legal community is the 'forum district.'");  A&S Air Conditioning v. John J. Moore Co., 184 Cal. App. 2d 617, 621 (1960) ("The determination of reasonable attorneys' fees is controlled by the amounts customarily charged in the locale of the action . . .").

    Plaintiff has submitted the declaration of its own counsel, Mr. Fisher in support of its fee award request, which merely states:  "Fees to Wells Fargo Bank are charged at the firm's normal hourly rate, capped at a maximum of $315 per hour.  Fees are billed as time is expended and are recorded in tenths of hours." (Mr. Fisher Decla. ¶12.)  The court finds that Mr. Fisher's declaration fails to provide any evidence that $315 is a reasonable rate in the Eastern District of California, Fresno Division.

**ORDER**

For the reasons discussed above, this Court:

1.     ORDERS Plaintiff to provide the court with evidence that $315 is a reasonable attorney rate in line with those prevailing market rates in the Fresno area within ten (10) days of service of this order.

2.     Accordingly, after the court receives and reviews Plaintiff's evidence, if any, on

reasonable attorney rates in the Fresno area, this court will issue an order on Plaintiff's motion for discharge of liability and award of attorneys' fees and motion for entry of default judgment.

IT IS SO ORDERED.

**Dated:     January 13, 2009**               _____/s/ Anthony W. Ishii_____
                                                             CHIEF UNITED STATES DISTRICT JUDGE

3