# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACCAR FINANCIAL CORP., a Washington corporation; and SIDHU TRUCK LINE, INC., a California corporation,<br><br>　　　　　Defendants. | NO. 1:08-CV-00904-AWI-SMS<br><br>ORDER GRANTING PLAINTIFF WELLS FARGO'S MOTION FOR JUDGMENT IN INTERPLEADER AND AWARD OF ATTORNEYS' FEES AND ENTRY OF DEFAULT JUDGMENT |

　　Pending before the court are Plaintiff Wells Fargo Bank, National Association's ("Wells Fargo") motion for discharge from liability and for an award of attorneys' fees and costs and motion for entry of default judgment in this interpleader action. Defendants PACCAR Financial Corp. ("PACCAR") and Sidhu Truck Line, Inc. ("Sidhu") have not filed any oppositions to Plaintiff's motions.

## **BACKGROUND**

　　On February 28, 2008, Sidhu deposited check No. 00217398 in the amount of $6371.39 payable to Sidhu and PACCAR to Sidhu's account with Wells Fargo. The check was only endorsed by Sidhu and not PACCAR.

　　On April 23, 2008, PACCAR contacted Wells Fargo and demanded payment of the full amount of the check. Wells Fargo withdrew the proceeds of the check from Sidhu's account and

delivered the funds in the amount of $6371.39 into the United States District Court Registry.

On June 26, 2008, Wells Fargo filed a complaint for interpleader against Defendants.

On September 23, 2008, PACCAR answered the complaint. Sidhu did not answer the complaint.

On November 12, 2008, Wells Fargo filed a motion for entry of default against Sidhu with a corresponding proof of service.

On November 14, 2008, the clerk of the court entered a default entry as to Sidhu for failing to appear, plead, or answer Plaintiff's complaint within the time allowed under the Federal Rules of Civil Procedure.

On December 18, 2008, Plaintiff filed a motion for discharge from liability and for an award of attorneys' fees and costs and a motion for entry of default judgment. Defendants have not filed any oppositions to Plaintiff's motions.

On January 13, 2009, the court took the matter under submission pursuant to L.R. 78-230(h) and directed Plaintiff to provide evidence that $315.00 is a reasonable hourly rate in the Fresno legal community.

On January 19, 2009, Plaintiff and PACCAR filed a stipulation that all funds remaining in the custody of the clerk after the court exercises its discretion and awards attorneys' fees and after the clerk pays Plaintiff the sum, the remaining balance, if any, shall be payable to PACCAR.

On January 22, 2009, Plaintiff filed the declaration of attorney Tamara Lyles ("Ms. Lyles") in support of attorney Robert Fisher's ("Mr. Fisher") hourly rate of $315.00.

## DISCUSSION

Discharge of Liability

Rule 22 provides: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(1). A party seeking to bring an

2

interpleader action under Rule 22 must first establish jurisdiction over its claims. Aetna Life Ins. Co. v. Bayona, 223 F.3d 1030, 1033 (9th Cir. 2000). Here, pursuant to 28 U.S.C. §1335(a), Plaintiff holds money of the value of more than $500 and the two adverse claimants are of diverse citizenship as defined in 28 U.S.C. § 1332.[1]  "Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation." Aetna, 223 F.3d at 1034. The principle requirement for interpleader is a real and reasonable fear of double liability or vexatious, conflicting claims. Indianapolis Colts v. Mayor of Baltimore, 741 F.2d 954, 957 (7th Cir. 1984).

In this case, Plaintiff has received conflicting claims as to the $6371.39. Wells Fargo itself has no interest in the $6371.39. If an interpleading plaintiff has no interest in the stake, the plaintiff should be dismissed. Sun Life Assur. Co. of Canada v. Chan's Estate, 2003 WL 22227881, *2 (N.D. Cal. Sept. 22, 2003). Moreover, Defendants do not object to Wells Fargo being discharged in this action. Thus, Plaintiff's motion for discharge can be granted.

Award of Attorneys' Fees and Costs

Plaintiff asks for attorneys' fees ands costs to compensate it for bringing this interpleader action. Defendants have not objected to Plaintiff's request for fees and costs. Courts generally have discretion to award attorneys' fees to a disinterested stakeholder in an interpleader action. Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516 (9th Cir. 1984). Courts routinely grant such awards absent a showing of bad faith. Schirmer Stevedoring Corp. Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194-95 (9th Cir. 1962). "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000). The stakeholder will typically be compensated for reasonable attorneys' fees out of the

---

[1] Defendant PACCAR is a Washington corporation with its principal place of business in Bellevue, Washington. Defendant Sidhu is a California corporation with its principal place of business in Bakersfield, California. (Mr. Fisher's Decla. ¶9 & ¶11.)

3

interpleader fund deposited in the court.  Id. at 427.

Thus, the court has discretion to award attorneys' fees in this case.  As a general matter, a court will award fees from the proceeds whenever: " (1) the party seeking fees is a disinterested stakeholder; (2) who had conceded liability; (3) has deposited the funds into court; and (4) has sought a discharge from liability."  Septembertide Publ'g v. Stein & Day, Inc., 884 F.2d 675, 683 (2d Cir. 1989).  Based on the evidence before the court, it appears that Wells Fargo has met all of the criteria for being awarded attorneys' fees and costs.  There is no argument or evidence that Wells Fargo has any interest in the funds or that this case arises from Wells Fargo's wrongdoing.  Wells Fargo has attempted to resolve all of the Defendants' claims by initiating the complaint in interpleader and this instant action.  Moreover, there is no opposition from either Defendant to Plaintiff's motion.  Accordingly, the court finds that an award of attorneys' fees is warranted in this action.  Thus, the remaining question is the amount to which Plaintiff is entitled.

Amount of Attorneys' Fees

Plaintiff hired attorney Mr. Fisher of the firm of Barton Klugman & Oetting LLP to represent it in this interpleader action.  Plaintiff seeks attorneys' fees in the amount of $4788.00 and costs in the amount of $787.55 for a total sum of $5575.55.  Mr. Fisher declares that he expended 15.2 hours in bringing this action, which included reviewing bank records, investigating the claims of the competing parties, drafting the complaint in interpleader and motions for judgment in interpleader and entry of default judgment, and locating and serving the claimants. (Mr. Fisher's Decla. ¶13.)  The Ninth Circuit has found that these expenses are compensable.  Trustees of Directors Guild of America-Producer Pension Benefits Plans, 234 F.3d at 426 (compensable expenses include "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from action.").

Plaintiff contends that Mr. Fisher is entitled to an hourly rate of $315.00.  The burden of establishing entitlement to an attorneys' fee award lies solely with the claimant.  Hensley v.

4

Eckerhart, 461 U.S. 424, 437 (1983).  Additionally, the fee applicant "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Schwarz v. Secretary of Health and Human Servs., 73 F.3d 895, 908 (9th Cir. 1995).

Accordingly, Wells Fargo has the burden to establish that $315.00 is a reasonable rate in the Eastern District of California, Fresno area.  See Mendenhall v. NTSB, 213 F.3d 464, 471 n.5 (9th Cir. 2000) (stating that "[u]nder Ninth Circuit caselaw, . . . the relevant legal community is the 'forum district.'"); see also A&S Air Conditioning v. John J. Moore Co., 184 Cal. App. 2d 617, 621 (1960) ("The determination of reasonable attorneys' fees is controlled by the amounts customarily charged in the locale of the action . . .").

In support of Mr. Fisher's hourly rate, Plaintiff submits the declaration of Ms. Lyles, a Fresno attorney.  Ms. Lyles states in her declaration: "It is my opinion that $315 per hour is a reasonable rate in the Fresno legal community for the services provided by Wells Fargo Bank's attorney . . ." (Ms. Lyles's Decla. ¶7.)  Ms. Lyles further provides: "In my experience, litigators with 20 or more years experience generally bill fees ranging from $275 to $400 per hour, with those similar experiences to Wells Fargo Bank's attorney generally billing between $300 to $400 per hour." (Ms. Lyles's Decla. ¶ 6.)  Mr. Fisher has been practicing law for over 30 years. (Ms. Lyles's Decla. ¶ 5.)

Based on Ms. Lyles's declaration and given that Defendants have not submitted any oppositions to Plaintiff's request for attorneys' fees, the court finds that Plaintiff has met its burden of proof that $315 is a reasonable rate in this case.

Default Judgment

Rule 55(b)(2) provides that judgment may be entered:

> By The Court.  In all other cases, the party must apply to the court for a default judgment . . . If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment

at least 3 days prior to the hearing on such application.

Fed. R. Civ. P. 55 (b)(2).

Thus, a party in default is only entitled to Rule 55 (b)(2) notice if he has "appeared" in the action. However, the appearance need not necessarily be a formal one, such as one involving a submission or presentation to the court. In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a "clear purpose to defend the suit." Wilson v. Moore & Associates, 564 F.2d 366, 368-69 (9th Cir. 1977).

Here Sidhu has not filed a formal appearance nor has it demonstrated a "clear purpose to defend the suit." It appears that Mr. Fisher and Kevin Sidhu[2] ("Mr. Sidhu") had several telephonic conversations about Plaintiff's interpleader complaint and the possibility of Sidhu defaulting if Sidhu did not file an answer.[3] (Mr. Fisher's Decla. ¶10.) Plaintiff contends that Mr. Sidhu told Mr. Fisher that he was not going to spend money for an attorney in this matter. Id. Based on the evidence before the court, the court finds that Sidhu has not demonstrated a "clear purpose to defend the suit." Therefore, Defendant Sidhu is not entitled to Rule 55 (b)(2) notice in this matter.

In this case, the clerk entered a default entry as to Sidhu for failing to appear, plead, or answer Plaintiff's complaint. With the entry of default, this court may accept the factual allegations of Plaintiff's complaint as true. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987) ("Upon default, the factual allegations of the complaint, except those

---

[2] Mr. Fisher submits that he believed Mr. Sidhu to be an officer and principal of Sidhu Truck Lines. (Mr. Fisher's Decla. ¶10.)

[3] Mr. Fisher submits that he called Mr. Sidhu on several occasions and encouraged him to get an attorney to assert Sidhu's claim to the proceeds of check No. 00217398. (Mr. Fisher's Decla. ¶10.) Mr. Fisher alleges that he informed Mr. Sidhu that Sidhu would be placed in default if Sidhu Truck Lines did not answer. Id. Mr. Fisher alleges that Mr. Sidhu stated that he did not know any Fresno attorneys. Id. Mr. Fisher alleges that he located Fresno attorney Paul Franco and informed Mr. Sidhu that Paul Franco would be receptive to representing Sidhu. Id. Thereafter, Mr. Fisher alleges that Mr. Sidhu told him that he was not going to spend money for an attorney in this matter and that he would try to get the money from Wells Fargo a different way. Id. Mr. Fisher also submits that he personally served Plaintiff's interpleader complaint upon Sidhu in Texas. Id.

6

relating to the amount of damage, will be taken as true."). Thus, based on Plaintiff's uncontested allegations, they are entitled to relief and this court grants a default judgment as to Sidhu.

**ORDER**

Accordingly, it is hereby ORDERED as follows:

(1) Plaintiff is discharged from any and all liability on account of any and all claims and demands asserted against Wells Fargo;

(2) Defendants are restrained from instituting or prosecuting any action in any court related to the rights and obligations of Plaintiff to the Defendant's with respect to check No. 00217398 in the amount of $6371.39;

(3) Plaintiff's motion for attorneys' fees and costs is granted. Plaintiff is awarded attorneys' fees in the amount of $4788.00 and costs in the amount of $787.55 for a total of $5575.55 in attorneys' fees and costs.

(4) Plaintiff's motion for entry of a default judgment as to Sidhu is granted; and

(5) Pursuant to Plaintiff's and Defendant PACCAR's stipulation, after the clerk pays Plaintiff attorneys' fees in the sum of $5575.55 from the proceeds, the remaining balance of $795.84 shall be payable to PACCAR.

IT IS SO ORDERED.

**Dated:   January 27, 2009**                    /s/ Anthony W. Ishii
                                                 CHIEF UNITED STATES DISTRICT JUDGE